UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                             Plaintiff,<br>v.<br>ALIERA HEALTHCARE,<br><br>                            Defendant. | Case No.: 19-cv-845-CAB-LL<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE ORDER**<br><br>[Doc. No. 20] |

      On July 18, 2019, Magistrate Judge Linda Lopez issued an Order striking a declaration filed by Plaintiff on July 17, 2019. [Doc. No. 12.] On July 29, 2019, Plaintiff objected to Judge Lopez's Order pursuant to Federal Rule of Civil Procedure 72(a). [Doc. No. 20.[1]] For the reasons discussed below, Plaintiff's objection to Judge Lopez's July 18, 2019 Order is **OVERRULED**.

---

[1] Plaintiff refers to his filing as an "appeal," but the Court construes it to be an objection under FRCP 72(a).

1

## I. LEGAL STANDARD

Under Rule 72(a), a party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. FED. R. CIV. P. 72(a). District court review of magistrate judge orders on non-dispositive motions is limited. A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "Under this standard of review, a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002).

The threshold of the "clearly erroneous" test is high and significantly deferential. "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004). In comparison, a magistrate judge's order is contrary to law if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard. *See Hunt v. Nat' Broad. Co.*, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

## II. DISCUSSION

Plaintiff appears to be mistaken as to why his declaration was stricken, stating there is no rule that it cannot be filed, and Judge Lopez failed to cite to such rule. However, Judge Lopez's Order clearly cites to Federal Rule of Civil Procedure 12(f), which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter. The court may act: (1) on its own." FED. R. CIV. P. 12(f)(1). As Judge Lopez stated in her Order, the declaration is immaterial because it is not seeking relief from the Court, the Court did not request the filing, and the declaration is not part of an appropriately-filed motion. Plaintiff states he filed the declaration in anticipation of a motion when it should be filed with a motion and include only pertinent material. Accordingly, Plaintiff has not shown that the July 18, 2019 Order is clearly erroneous or contrary to law and therefore Plaintiff's objection is **OVERRULED**. Plaintiff's attempts to object to aspects of the ENE and other issues irrelevant to the July 18, 2019 Order are also **OVERRULED**.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's objection to Judge Lopez's July 18, 2019 Order is **OVERRULED**.

It is **SO ORDERED**.

Dated: July 30, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge