UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                            Plaintiff,<br><br>v.<br><br>ALIERA HEALTHCARE,<br><br>                            Defendant. | Case No.: 19cv845-CAB-LL<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR RECUSAL OF THE HONORABLE MAGISTRATE JUDGE**<br><br>**[ECF No. 23]** |

On July 29, 2019, Plaintiff, proceeding *pro se*, filed an "Ex Parte Motion For Recusal of the Honorable Magistrate Judge." ECF No. 23. On July 30, 2019, Defendant filed an opposition. ECF No. 26. Plaintiff requests that the undersigned Magistrate Judge recuse herself from this case pursuant to 28 U.S.C. § 455(b)(1). ECF No. 23 at 1. In support of Plaintiff's request, he states that during the July 19, 2019 Early Neutral Evaluation Conference ("ENE") in this case, "each side spoke with the Magistrate Judge for several hours, alone, and without the other party being present." Id. Plaintiff argues that these were "*res ipsa*, ex parte communications." Id. Plaintiff further argues:

> [The undersigned] Magistrate Judge may have displayed the appearance of bias and an appearance of prejudice when the Honorable Magistrate (1) provided defense counsel Rackers with legal advice to file an ex parte motion regarding emailing and deemed the brief post-ENE conversation as a meet

1

and confer, and (2) allowed defense counsel Francis to appear in court in San Diego as an attorney for Defendant Aliera when in fact he is, and was **not** admitted to practice law in this State or in this District, either via pro hac vice or bar admission.

Id. at 2 (emphasis in original). Defendant argues that Plaintiff has failed to set forth any credible grounds for recusal of the undersigned Magistrate Judge. ECF No. 26.

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that "[h]e shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The standard under Section 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations omitted). A "reasonable person" is defined as a "well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person." Clemens v. U.S. Dist. Ct. for Central Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005). The Ninth Circuit has also noted that "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not enough to require recusal. Id. (citing Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995)).

Here, Plaintiff's allegations stem from the fact that the undersigned Magistrate Judge spoke with the respective parties during the ENE conference "alone, and without the other party being present." ECF No. 23 at 1. As set forth in the Court's Order Setting the ENE:

> The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, privileged, and confidential.

ECF No. 7 at 1. Additionally, as the undersigned Magistrate Judge explained to the parties at the outset of the July 19, 2019 ENE, in order to facilitate settlement discussions in most cases, she meets with the parties together as a group and also individually throughout the

| | |
|---|---|
| 1 | conference. Notably, at the time of the ENE conference, Mr. Ewing did not object to the |
| 2 | undersigned Magistrate Judge meeting with the parties individually and actively |
| 3 | participated in the conference. |

Additionally, Mr. Ewing's allegation that "Judge Lopez allowed a non-admitted attorney, Dwight Francis, to be in chambers without Plaintiff or Plaintiff's assistant" is not an adequate basis for recusal. Mr. Francis is a partner at Sheppard Mullin, which is the same law firm as Defendant's attorney of record in this case, Mr. Mark Rackers. See Docket; see also https://www.sheppardmullin.com/dfrancis. Mr. Francis represented to the Court at the outset of the ENE conference that he is an attorney for Aliera Healthcare. In light of the fact that he is a partner at the same law firm as lead counsel, Judge Lopez exercised her discretion to allow him to participate in the ENE conference.[1] Finally, Plaintiff's allegation that Judge Lopez provided defense counsel with legal advice to file a motion is wholly inaccurate and a misrepresentation of the facts. "It has long been established . . . that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge." Standing Comm. On Discipline of the United States Dist. Court For Cent. Dist. Of Cal. v. Yagman, 55 F.3d 1430, 1443 (9th Cir. 1995).

In sum, the Court finds that Plaintiff has failed to show any adequate basis for recusal under Section 455. As such, and in light of the facts and evidence presented, no reasonable person would question this Court's impartiality. Because "a judge has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require,'" the undersigned Magistrate Judge declines to recuse in this matter. See Clemens, 428 F.3d at 1179. Accordingly, Plaintiff's *Ex Parte* Motion to Recuse is **DENIED**.

///

///

---

[1] Similarly, Judge Lopez exercised her discretion to exclude the woman who accompanied Plaintiff at the ENE conference who Plaintiff claimed is his assistant because she is not a party to the litigation nor an attorney representing her client. See Docket.

**IT IS SO ORDERED**.

Dated: July 31, 2019

Honorable Linda Lopez
United States Magistrate Judge