UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                         Plaintiff,<br><br>v.<br><br>ALIERA HEALTHCARE,<br><br>                         Defendant. | Case No.: 19cv845-CAB-LL<br><br>**ORDER RE: DEFENDANT'S EX PARTE APPLICATION FOR ORDER RE: COMMUNICATIONS BETWEEN COUNSEL**<br><br>**[ECF No. 18]** |

On July 25, 2019, Defendant filed an "Ex Parte Application for Order Re Communications Between Counsel" (hereinafter "Motion" or "Mot.") and a Declaration in support thereof. ECF No. 18. On July 29, 2019, Plaintiff, proceeding *pro se*, filed a "Response in Opposition to Defendant's Emergency Motion for Email" (hereinafter "Opposition" or "Oppo."). ECF No. 21. Defendant's Motion requests that the Court enter an order: (1) barring Plaintiff from recording phone conversations with counsel for Defendant; (2) directing Plaintiff to stop blocking counsel for Defendant's emails; (3) relieving the parties' meet and confer obligation pursuant to Judge Lopez's Chambers Rules with respect to the instant Motion; and (4) instructing Plaintiff to comply with Local Rule 83.4 (Professionalism). Mot. at 1.

1      Plaintiff opposes Defendant's Motion on the grounds that it "is not properly before the Court because it seeks relief that is well beyond the meet and confer that was conducted at the ENE." Oppo. at 1. Regarding the issue of Plaintiff recording phone conversations with counsel for Defendant, Plaintiff argues that for cell phone conversations "[t]he law requires one party to the conversation to simply disclose the fact of recording to the other side" and "if [defense counsel] continues with the call . . . then he is consenting to being recorded." Id. at 4. In other words, Plaintiff argues, "[i]f Mr. Rackers objects to recording, he can, **politely** say goodbye and terminate the call." Id. (emphasis in original) (internal citations omitted). Plaintiff argues that "[w]hen a land line is called, California requires confidential information to be exchanged in order to trigger the requirement to notify the person that they are being recorded." Id. at 5. Plaintiff contends that "nothing that counsel and Plaintiff discussed thus far in this matter has risen to the level of confidential information," so "no notice or consent is even required." Id.

     The Court has carefully reviewed the parties' briefing in this case and will address each issue below.

### 1. Meet and Confer Obligation

     As an initial matter, Plaintiff's request that "[t]he emergency motion should be *sua sponte* stricken or stricken under Rule 12(f)" is overruled. Oppo. at 3. Federal Rule of Civil Procedure Rule 12(f) provides that "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FRCP Rule 12(f). Plaintiff argues that because Defendant did not serve the exhibits in support of the Declaration on Plaintiff, the entire Motion should be stricken. Oppo. at 3. It is not clear to the Court whether the exhibits in support of Defendant's Declaration were served on Plaintiff. Notwithstanding this, all of the exhibits at issue are internal communications between Plaintiff and defense counsel, and Plaintiff should have them. Accordingly, the Court **DENIES** Plaintiff's request to strike the instant Motion.

     The Court finds that Defendant has met its meet and confer requirements in this case. Defendant raised the issues in the instant motion during the Case Management Conference

held on July 19, 2019 with Judge Lopez. ECF No. 13. Judge Lopez discussed these issues jointly with defense counsel and Plaintiff during the CMC in an effort to come to a mutually agreeable resolution. The parties were unable to reach a resolution on these issues during the CMC, and Judge Lopez informed defense counsel that he could file a written discovery motion on these issues if necessary.[1] Accordingly, Defendant's request to relieve the parties' meet and confer obligation pursuant to Judge Lopez's Chambers Rules with respect to the instant Motion is **GRANTED**.

### 2. Civil Local Rule 83.4 (Professionalism)

With respect to Defendant's request to instruct Plaintiff to comply with Local Rule 83.4 of Professionalism, this district's rules state that "[a]ny person appearing propria persona [i.e. pro se] is bound by these rules of court and by the Fed.R.Civ.P." Civ. L.R. 83.11. So even though Mr. Ewing is pro se, this district's Local Rules require him to follow the rules of professionalism outlined in Civil Local Rule 83.4, which require him to, among other things, "be courteous and civil in all communications" and "attempt to informally resolve disputes with opposing counsel." Civ. L.R. 83.4(a)(1). Accordingly, counsel for Defendant and Plaintiff are reminded that the Court expects them to conduct themselves civilly and professionally and in compliance with Civil Local Rule 83.4 on Professionalism.

### 3. California Penal Code § 632

In support of Defendant's request for an order barring Plaintiff from recording phone conversations with counsel for Defendant, Defendant states:

> Plaintiff has demanded that counsel for Aliera either send letters to him via U.S. Mail or contact him by telephone. However, when counsel for Aliera contacts Plaintiff by telephone, Plaintiff insists on recording each conversation, despite counsel for Aliera explicitly informing Plaintiff that he has not agreed to be recorded, and despite the fact that recording telephone

---

[1] Plaintiff's allegation that Judge Lopez told defense counsel "what motion to file and how to file it" is a misrepresentation of the facts. Oppo. at 1. Accordingly, the Court declines to analyze further Plaintiff's attempt to engage in personal attacks on the Judge.

> conversations without consent of both parties violates California Penal Code § 632.

Mot. at 5. Plaintiff does not dispute that he records all calls with defense counsel. Oppo. at 4 ("Every letter and every email and every call expressly informs Mr. Rackers that all calls are recorded."). In fact, Plaintiff contends that "Mr Rackers has made abundantly clear here [] that he needs to be recorded in order to preserve the truth." Id. at 5.

CIPA is California's anti-wiretapping and anti-eavesdropping statute and is designed "to protect the right of privacy." Cal. Penal Code § 630. The Act provides for a civil action for damages based on violations of section 632 which prohibits recording a "confidential communication" "intentionally and without the consent of all of the parties." Id.; Cal. Penal Code § 637.2(a) ("Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation."). To state a claim for violation of section 632, the three elements that a plaintiff must plead are "(1) an electronic recording of (or eavesdropping on); (2) a 'confidential' communication; [where] (3) all parties did not consent." Weiner v. ARS Nat'l Servs., Inc., 887 F. Supp. 2d 1029, 1032 (S.D. Cal. 2012) (citing Flanagan v. Flanagan, 27 Cal. 4th 766, 774–76 (2002)); see also Stoba v. Saveology.com, LLC, No. 13CV2925, 2014 WL 3573404, at *3 (S.D. Cal. July 18, 2014). Section 632(c) defines a "confidential communication" as including "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." Cal. Penal Code § 632(c). Excluded from protection are communications in "circumstance[s] in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Roberts v. Wyndham Int'l, Inc., No. 12CV5083, 2012 WL 6001459, at *5 (N.D. Cal. Nov. 30, 2012); Cal. Penal Code § 632(c).

Here, although Defendant does not seek damages pursuant to Cal. Penal Code § 632, Defendant relies on this code section in support of Defendant's request for a court order barring Plaintiff from recording telephone conversations without defense counsel's consent. In this case, the conversations between Plaintiff and defense counsel involve

litigation-related matters such as discovery disputes, scheduling issues, and court-mandated meet and confers. The Court finds that counsel for Defendant has an objectively reasonable expectation that these conversations would not be divulged to anyone else and that these conversations are confidential communications within the meaning of Section 632. See, e.g., Nissan Motor Co. v. Nissan Computer Corp., 180 F. Supp. 2d 1089, *11 (C.D. Cal. Jan. 14, 2002). In Nissan Motor Co., the Court held:

> It is wrong to use the coercive and privacy-violating technique of tape recording (or threatening to tape record) what the Court finds to be confidential communications. Threatening to record conversations between counsel (or actual recordation of such conversations) is a troubling tactic. If counsel believes that conversations are being mischaracterized, there are traditional and non-invasive ways to address this situation. The parties may promptly confirm important communications in writing or via email. In more extreme situations, the parties may require the presence of third-parties. As the parties are well aware, however, it is often essentially impossible to avoid oral communication given the pace of litigation, conflicting schedules, and the rules that may require person-to-person conferences.
>
> The Court finds that the recordation of conversations between counsel in the normal course of litigation, without consent, is a violation of California Penal Code § 632. In addition to being illegal, the Court finds that it is inherently unethical for an attorney to record a conversation with another attorney regarding the routine progression of litigation without the other party's knowledge or consent.

Id. at *22 (internal citations omitted).

For the reasons set forth herein, the law does not allow for recordation of conversations between Plaintiff and defense counsel without defense counsel's consent. Plaintiff's argument that "[i]f Mr. Rackers objects to recording, he can, **politely** say goodbye and terminate the call" is without merit. Oppo. at 4 (emphasis in original) (internal citations omitted). Pursuant to Local Rule 83.4 on Professionalism, the parties are required to "be courteous and civil in all communications" and to "attempt to informally resolve disputes with opposing counsel." Civ. L.R. 83.4(a)(1). If Plaintiff insists on recording calls in violation of the law, and simultaneously expects defense counsel to politely terminate

the call if he does not consent to the recording, then the parties will not be able to work together to informally resolve disputes. Accordingly, Defendant's request for an order barring Plaintiff from recording phone conversations with counsel for Defendant is **GRANTED.** Plaintiff is **ORDERED** to cease any recording of conversations between Plaintiff and defense counsel moving forward in this litigation.

### 4. Email Communication

Defendant also seeks an order directing Plaintiff to stop blocking counsel for Defendant's emails. Mot. at 1. In support, Defendant states:

> There is no reason the parties cannot communicate via email. Plaintiff has admitted to having an email account but has simply blocked counsel from emailing him. If Plaintiff does not want to email, that is his choice, but counsel for Aliera cannot be blocked from emailing Plaintiff when U.S. Mail is inefficient and phone conversations are not productive.

Mot. at 2.[2] Plaintiff opposes on the following grounds:

> The Court does not even allow or require email with Plaintiff. Plaintiff does not have ECF efiling privileges. The Court corresponds via U.S. mail. So to can opposing counsel. If US Mail and telephone are good enough for the Court, that should be good enough for opposing counsel as well.

Oppo. at 8. Notably, Plaintiff cites no case or other law to support his argument that he should be allowed to block Defendant from emailing Plaintiff. As set forth above, Plaintiff and Defendant are required to "be courteous and civil in all communications" and "attempt to informally resolve disputes with opposing counsel." Civ. L.R. 83.4(a)(1). Additionally, the Federal Rules require the parties to confer, communicate, and cooperate. See, e.g., Fed.

---

[2] Plaintiff sent counsel a letter on June 1, 2019, stating that:
> You are hereby prohibited from emailing me ever again. Do not send me any more emails. I am blocking your domain and I will not respond to you. All calls to my phone are and will be recorded. You are on express notice of this. If you have to meet and confer with me, via telephone, it will be recorded.

Rackers Decl., ¶ 6; Exh. D.

| | |
|---|---|
| 1 | R. Civ. P. 5, 26, 37.  Email provides immediate and convenient notice and its use has |
| 2 | become commonplace for a primary means of communication between parties in litigation. |
| 3 | Accordingly, Defendant's request for an order directing Plaintiff to stop blocking |
| 4 | Aliera's counsel's emails is **GRANTED**. On or before **August 16, 2019**, Plaintiff is |
| 5 | **ORDERED** to unblock Defendant's emails to Plaintiff. |
| 6 | |
| 7 | **IT IS SO ORDERED.** |
| 8 | Dated:  August 12, 2019 |

Honorable Linda Lopez
United States Magistrate Judge