UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALIERA HEALTHCARE,<br><br>　　　　　　　　　Defendant. | Case No.: 19cv845-CAB-LL<br><br>**ORDER DENYING PLAINTIFF'S LOCAL RULE 83.4 MOTION FOR SANCTIONS**<br><br>**[ECF No. 24]** |

On July 29, 2019, Plaintiff, proceeding *pro se*, filed a Motion titled "Local Rule 83.4 Motion for Santions" (hereinafter "Motion" or "Mot."). ECF No. 24. On July 31, 2019, Defendant, filed an "Opposition to Plaintiff's Local Rule 83.4 Motion for Sanctions" (hereinafter "Opposition" or "Oppo."). ECF No. 28. Plaintiff's Motion requests that the Court "sanction Defendant's attorney Mark Rackers for rudely and unprofessionally hanging up on Plaintiff during a July 23, 2019 call that Mr. Rackers made to Plaintiff to cancel a meet and confer appointment." Mot. at 1. In support of his Motion, Plaintiff states that "Local Rule 83.4 requires civil, courtesy and dignity in all communication, oral and written." Id. at 2. Plaintiff also notes that "Mr. Rackers admitted to hanging up the phone on Plaintiff to the Court's law clerk." Id. Finally, Plaintiff requests permission to file a reply. Id. at 1.

1

19cv845-CAB-LL

Defendant opposes Plaintiff's Motion on the grounds that "Plaintiff has failed to establish why Judge Lopez should sanction counsel for Aliera" noting that at issue is only "one phone call between Plaintiff and Aliera's counsel on July 24, 2019." Oppo. at 2. Defendant further states:

> Plaintiff insists on recording every phone conversation, despite counsel for Aliera objecting to such recordings . . . . The reason counsel cut his July 24 phone conversation short was because he had already confirmed that the meet and confer meeting with Plaintiff would take place on July 30; not on July 25 as Plaintiff later demanded, and despite Plaintiff's protestations and desire to schedule it for the week of July 22. . . . Plaintiff [then] insisted on demanding why Judge Lopez allowed Aliera's counsel, Dwight Francis, to appear at the ENE on July 1, 2019. This extraneous demand was irrelevant to the topic of the July 24 call, and followed up on a letter Plaintiff had earlier written counsel on the same non-issue. Counsel, who was extremely busy, informed Plaintiff that he would need to take that issue up with Judge Lopez, and ended the call.

Id.

In sum, Defendant argues that "[f]iling such a sanctions Motion, based on one phone call – where counsel for Aliera simply cut short Plaintiff's baseless venting about the Magistrate Judge – is a waste of the parties' and the Court's time and resources." Id. at 3. Finally, Defendant requests that the Court enter an order requiring Plaintiff to compensate Aliera for the time it incurred in having to respond to this baseless motion." Id.

As an initial matter, the Court denies Plaintiff's request for leave to file a reply. The Court has reviewed the briefing and finds that it has sufficient information on this issue. Notably, Plaintiff's Motion lacks any law or authority in support of the request for sanctions. Federal courts may impose sanctions on parties failing to comply with court orders under both the Federal Rules of Civil Procedure ("FRCP") and the Local Rules. Civil Local Rule 83.1 provides that "[f]ailure of counsel or of any party to comply with these rules . . . or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of

contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." CivLR 83.1(a).

Additionally, all "federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders. . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." Aloe Vera of Am., Inc. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004) (citing F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001)). Federal courts have "inherent power to impose sanctions against attorneys and parties for bad faith conduct in litigation." Oliver v. In–N–Out Burgers, 945 F. Supp. 2d. 1126, 1129 (S.D. Cal. 2013) (citing Chambers v. NASCO, 501 U.S. 32, 43 (1991)). "Before a court may award sanctions under its inherent powers, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." Id. (citing Mendez v. County of San Bernardino, 540 F.3d 1109, 1131 (9th Cir. 2008)). "[T]he bad-faith requirement sets a 'high threshold,' which may be met by willful misconduct, . . . or recklessness that is coupled with an improper purpose." Lofton v. Verizon Wireless (VAW) LLC, 308 F.R.D. 276, 285 (N.D. Cal. 2015) (quoting Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)). The burden is on the moving party to demonstrate that the opposing party acted with the necessary bad faith or improper purpose. Id.

Here, the conduct at issue in Plaintiff's Motion, defense counsel hanging up the phone prematurely one time during a conversation with Plaintiff, does not warrant

3

19cv845-CAB-LL

sanctions. Indeed, defense counsel's opposition sets forth a reasonable explanation of why defense counsel "cut short" the July 24, 2019 phone conversation. Accordingly, the Court **DENIES** Plaintiff's request to impose sanctions. The Court also **DENIES** Defendant's request to order Plaintiff to compensate Defendant for the time incurred in having to oppose the instant Motion. However, the Court reminds the parties that any future unprofessional conduct or otherwise improper conduct (including but not limited to filing motions with no basis in the law) may warrant a motion for sanctions by either party.

**IT IS SO ORDERED.**

Dated: August 12, 2019

Honorable Linda Lopez
United States Magistrate Judge