UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                             Plaintiff,<br><br>v.<br><br>ALIERA HEALTHCARE,<br><br>                            Defendant. | Case No.: 19-cv-845-CAB-LL<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE ORDER**<br><br>[Doc. No. 30] |

On July 31, 2019, Magistrate Judge Linda Lopez issued an Order denying Plaintiff's Ex Parte Motion for Recusal. [Doc. No. 27.] On August 9, 2019, Plaintiff objected to Judge Lopez's Order pursuant to Federal Rule of Civil Procedure 72(a). [Doc. No. 30.] For the reasons discussed below, Plaintiff's objection to Judge Lopez's July 31, 2019 Order is **OVERRULED**.

**I.    LEGAL STANDARD**

Under Rule 72(a), a party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. FED. R. CIV. P. 72(a). District court review of magistrate judge orders on non-dispositive motions is limited. A

district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "Under this standard of review, a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002).

The threshold of the "clearly erroneous" test is high and significantly deferential. "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004). In comparison, a magistrate judge's order is contrary to law if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard. *See Hunt v. Nat' Broad. Co.*, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

## II. DISCUSSION

Plaintiff contends "there is no law, case, FRCP, or Local Rule that allows a Magistrate Judge to authorize a person to practice law in California in a pending case at the federal courthouse devoid of payment of the $206 admission fee and making the requisite declarations on the pro hac application." [Doc. No. 30 at 2.] As explained in the Order, Judge Lopez exercised her discretion to allow Dwight Francis to participate in the ENE conference. Mr. Francis is a partner at the same law firm as Defendant's attorney of record in this case. Furthermore, Judge Lopez explained that in order to facilitate settlement discussions she meets with parties together as a group and individually


throughout the conference. Plaintiff has failed to show any adequate basis for Judge Lopez's recusal. Accordingly, Plaintiff has not shown that the July 31, 2019 Order is clearly erroneous or contrary to law and therefore Plaintiff's objection is **OVERRULED**.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's objection to Judge Lopez's July 31, 2019 Order is **OVERRULED**.

It is **SO ORDERED**.

Dated: August 12, 2019

Hon. Cathy Ann Bencivengo
United States District Judge