UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                        Plaintiff,<br><br>v.<br><br>ALIERA HEALTHCARE,<br><br>                        Defendant. | Case No.: 19cv845-CAB-LL<br><br>**ORDER DENYING JOINT EX PARTE APPLICATION TO STRIKE ECF NO. 31 FROM DOCKET**<br><br>**[ECF No. 39]** |

On September 12, 2019, the parties filed a joint ex parte application requesting that the Court strike from the docket the Court's August 12, 2019 order (hereinafter "Order"), listed as ECF No. 31. ECF No. 39. In support, the parties state that "as the Order simply governs how the parties and/or counsel for the parties must communicate during the course of this litigation, and the parties have agreed to resolve their disputes and end this litigation, the parties believe the Order is now moot and should be stricken." Id. at 2. The parties further argue that the Order is immaterial and should be stricken, citing the Court's inherent power and Rule 12 of the Federal Rules of Civil Procedure. Id.

Rule 12 of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, trial courts have inherent power "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Thus, a court may exercise its inherent

power to strike filings other than pleadings that are redundant, immaterial, impertinent, or scandalous. See Avendano v. Sec. Consultants Grp., No. 3:13-CV-00168-HDM, 2014 WL 6611384, at *2 (D. Nev. Nov. 19, 2014).

Here, the Court finds no appropriate basis to strike the Order at issue. The Order was the Court's determination of an ex parte application filed by Defendant and a subsequent response in opposition filed by Plaintiff. ECF Nos. 18, 21, 31. At the time of its issuance, the Order was not immaterial, but was in fact necessary to resolve issues involving communications that the parties were unable to resolve on their own. See ECF No. 31. The Court is not persuaded by the parties' argument that because they have agreed to settle, the Order is now moot. ECF No. 39 at 2. If the Court followed this line of thinking, every order in every settled case would be able to be stricken for being moot. Such reasoning would go against this Circuit's strong presumption in favor of access to court records because entire documents, including properly issued orders, would be permanently removed from the docket. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). To the extent that the parties are concerned about the substance of the Order, the Court notes that the Order governs only these parties in this litigation until this matter is terminated. See Mayweathers v. Terhune, 136 F. Supp. 2d 1152, 1153–54 (E.D. Cal. 2001) ("The law of the case doctrine requires that when a court decides on a rule, it should ordinarily follow that rule during the pendency of the matter."). Because the Court finds that the Order was properly issued, and is not immaterial, redundant, impertinent or scandalous, the joint ex parte application is **DENIED**. See Avendano v. Sec. Consultants Grp., 2014 WL 6611384, at *2.

**IT IS SO ORDERED**.

Dated: September 16, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge